# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 20, 1924.

BLANCHE KRAUSS

VS.

M. H. PELTZ.

*Blades, Rosenfeld & Frederick* for plaintiff.

*Hyland P. Stewart* and *Louis Mitnick* for defendant.

DAWKINS, J.—

Gentlemen, I have gone along with you very carefully. I do not think further examination of the authorities you have given me would help me in arriving at my conclusion, so I think I am prepared now to tell you my views just as well as I would be at any other time.

These cases we all know are very difficult to prove and yet we cannot decide them on suspicion alone. We must have some sort of proof to justify the granting of the relief prayed for in this bill. We have a right—in fact it is our duty to consider the circumstances surrounding the whole situation.

These people (plaintiff and defendant) if not actually rivals they were both engaged in the fur business with the intention then and the intention thereafter to carry on business in the same way, so that when one got possession of the property which was formerly occupied by the other necessarily things would happen that would help the one who was moving from the former place of business. There are various circumstances that we have to consider for what they are worth in order to arrive at a correct conclusion.

A sign was put up in the first place at the old place by the defendant saying that the business was temporarily closed for repairs and that they would "re-open." That would clearly indicate to anybody being familiar with the store of Krauss that Krauss would open and that the defendant recognized that when he agreed with the investigator from the Merchant Association to strike out the word "re," and the Association thought enough of it to act upon complaint of the plaintiff that the defendant was acting unfairly in interferring with her trade.

We have a right to expect an explanation in this that when an established house, in business for some time, had only one female employee in its establishment who was carried on their payrolls, and was dealing with customers should be known to nobody in the establishment except by the name of "Florence." It is peculiar that an employer should keep an employee for years without giving her any name but her Christian name.

The letter stating that they were "thankful for past favors" would rather indicate, while it might be an ordinary business term, that it was the thought of somebody who wrote that letter to induce this customer—or supposed customer—to deal with them as they had dealt with this old firm in the past.

The business was a fur business. It continued to be a fur business. Now, nobody would attempt to say that the defendant is bound to advertise the business of the plaintiff, or bound to advertise the business of the person who had moved away, but unfair competition in trade is just things like these such as the use of the name improperly, and the use of the name without authority, that makes up this injury.

The mere fact that Krauss had gotten out and Krauss was putting signs around the neighborhood may be taken as straws to indicate the situation. There might not be a thing wrong and maybe the defendant did not do anything more than anybody else might have been inclined to do who came into the store of one who was a rival, but when he said to them, as the testimony indicates, that Krauss is dead and had gone out of business and that Mr. Eney had retired, it seems that he was manifesting largely false statements. They were statements tending to show that Krauss' old established business was still left there in that place and nobody else was carrying on the Krauss business but the defendant.

The defendant did influence the people next door to have the signs taken down, and that tended to keep away persons who desired to follow and do business with the plaintiff. With reference to the sign on the side of the house—I do not know who put that sign there originally, but it was thought of some value, though not recently placed, at any rate it must have meant something to the people or they would not have put it on the wall.

It is true that the testimony shows the plaintiff forgot it when getting off the other signs on the premises when

about to move, but the testimony shows that she did think of it when leaving the store, and went back with the idea of getting that sign taken down from the wall. There was no obligation on the defendant to remove the sign. There is no doubt about that. But at the same time the plaintiff ought to have had the privilege of taking down the sign or painting it out.

The signs in the shoemaker's shop and other places, I do not think there is anything in the testimony to indicate that young Mr. Peltz or the defendant forced the removal, though the action in regard to this might throw light on the proposition that the defendant was keeping the public from knowing the new location of plaintiff.

As suggested, as in one case cited unethical conduct on the part of merchants may not be illegal, it might even not be a ground for injunction, but whilst we do not expect the defendant to advertise the plaintiff's business after she had moved she had a right to request him not to make misrepresentations to the public. There is evidence tending to show that there was not a free, honest silence on the part of the defendant even though he was not bound to say he knew where she was, or that he knew where her place of business was, but he was bound to say either nothing or tell what was the truth. Confessedly, the defendant himself said that Mr. Krauss was dead, this was true and it was said also that Mr. Krauss was no longer in business this was not true.

It seems to me in that situation the plaintiff is entitled to some relief. There are no actual damages shown so I do not agree with the suggestion of plaintiff's counsel that this is a case in which punitive damages should be allowed. So far as the testimony discloses no sale was made by the defendant to a supposed customer of the plaintiff. Mrs. Eaton, according to her testimony, after she refused to make her check good found the real Krauss place where she wanted to buy so she was not permanently deceived. In the other case mentioned in the testimony there was never any intention to buy, and whether the methods of the detectives were good or bad, they were very clever. At any rate, in neither case was any sale made so there is no loss.

There is no testimony at all tending to show that any prospective sale or customer was missed. Under those conditions and the absence of any testimony to show that there was any actual deception ever practiced upon intending purchasers or upon the public that reaped a return the defendant has done nothing that has caused any actual injury.

There being no contractual relation at all so that in view of all the circumstances I have reached this conclusion, gentlemen. I think we have a right to say in a proceeding of this kind that the defendant should be stopped from saying that Krauss had gone out of business when he knew the plaintiff had not done it. I think he ought to be enjoined from doing that.

We have a right to say that the Item C in the prayer for relief, should be granted, because the defendant is not the successor of L. Krauss.

As to the name on the walls, the prayer in Item D, I think the Court has a right, and the Court will, grant an injunction in the nature of a mandatory injunction to have that sign taken down by the defendant or allow the plaintiff to go there and take it down. I mean by that, paint it out.

I do not think I have a right to require that the painter should paint the house or even the side of the house, the plaintiff has no right to deface the property, but she has a right to go there, if the defendant doesn't do it himself, and have that sign taken down or obliterated. The sign is there even as suggested by counsel for the defendant, there are very many old signs in the city, but this particular old sign may have some value attached to it as an advertisement. It is the plaintiff's sign. It has not passed into the hands of another party. It is part of their business and it can be taken down or painted over. If the defendant sees fit to do it promptly in his own way, let him do it. He has had quite a long time in which to do it. He has not done it after promising to do it.

The relief under Item J deals with the same question, i. e., that he should not say that the plaintiff is no longer in business. He has not yet said that Peltz was successor to Krauss. There

is no testimony here to show that Peltz said he is successor to Krauss. If he has said it he should refrain from saying it to patrons.

As to the question of damages I do not feel I ought to attempt to impose any damages in a case of this character. I will sign an injunction as suggested. The cost in the case should be paid by the defendant.

I see no ground for allowing the books of the defendant to be referred to an auditor as prayed for in the bill.